IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE LEO, et al., | No. C 06-03799 SI |
|     Plaintiff, | **ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND; DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES; AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |
|   v. | |
| ALAMEDA COUNTY MEDICAL CENTER, et al., | |
|     Defendants.                    / | |

      Plaintiffs' motion to remand and defendants' motion to dismiss are currently scheduled for a hearing on September 22, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matters are appropriate for resolution without oral argument, and accordingly VACATES the September 22, 2006 hearing. For the reasons set forth below, the Court hereby GRANTS plaintiffs' motion for remand, DENIES plaintiffs' request for attorneys' fees, and DENIES defendants' motion to dismiss as moot. This action is REMANDED to the Superior Court for the County of Alameda.

**BACKGROUND**

      Plaintiffs filed this case in Alameda County Superior Court on March 3, 2006 alleging various claims under state law, including a claim under California Business and Professions Code § 17200. After defendants demurred to the complaint, the parties stipulated that plaintiffs would amend the complaint and defendants withdrew their demurrer. Plaintiffs then filed a first amended complaint which, *inter alia*, added a reference to the Fair Labor Standards Act ("FLSA") as one of several predicate statutes forming the basis of the alleged § 17200 violation. On June 16, 2006, defendants

removed this case to federal court on the ground that the reference to the FLSA in the § 17200 claim created federal subject matter jurisdiction.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c).

The existence of federal jurisdiction must be determined on the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

**DISCUSSION**

**1.    Plaintiffs' motion to remand**

Plaintiffs' first amended complaint alleges eight causes of action, including a claim under California Business and Professions Code § 17200. That claim alleges, *inter alia*,

> The Defendants violated Business & Professions Code Section 17200 by deliberately, willfully, and maliciously failing to (a) pay the Class Members timely wages, (b) pay the terminated Class Members timely wages, (c) pay the Class Members all wages due, (d) pay the Class Members proper overtime, (e) pay the Class Members the minimum wage, and (f) provide the Class Members meal periods and rest breaks with premium pay for missed meal periods and rest breaks, all of which constitute unlawful, unfair, and fraudulent business practices as they violate California Labor Code Sections 202, 204, 206, 226.7, 510, 512, and 1197, as well as FLSA Sections 6 and 7.

First Amended Complaint ¶ 72. Defendants removed this case based upon this reference to the FLSA.

The parties agree that as a general rule, "the invocation of [federal law] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Criterion Syst.*, 80 F.3d 339, 345 (9th Cir. 1996). However, defendants contend that this principle does not control here because all of plaintiffs' state law claims lack merit.[1] Thus, defendants argue, the only claim that has any potential viability is plaintiffs' § 17200 claim based upon the FLSA. Plaintiffs respond that it is inappropriate for the Court to consider the merits of plaintiffs' state law claims prior to or in conjunction with the jurisdictional analysis, and that this Court lacks jurisdiction because, as in *Rains*, the complaint alleges alternate federal and state bases for the § 17200 claim.

The Court agrees with plaintiffs, and concludes that the reference in the complaint to the FLSA is insufficient to create federal subject matter jurisdiction. The Court finds *Rains* instructive. In *Rains*, a defendant removed a state court action based upon the complaint's reference to Title VII as part of the plaintiff's claims for wrongful termination in violation of public policy and intentional interference with contractual relations. *Id.* at 342.[2] The Ninth Circuit noted that it is state, not federal, law that creates both causes of action, and that the complaint's direct and indirect references to Title VII "do not make those claims into federal causes of action." *Id.* at 344. The court also held that Rains had not artfully pled the complaint to avoid federal jurisdiction, but rather "he brought a state law claim and cited a federal statute as an alternate basis for establishing one element of his claim. The claim was authorized by state law and no essential federal law was omitted." *Id.* Finally, the *Rains* court held there was no "substantial federal question" presented by the complaint because Title VII was not a "necessary" element of the plaintiff's claims because the complaint also invoked state law that served the same purpose. *Id.* at 345.

---

[1] The state law claims are the subject of defendants' pending motion to dismiss.

[2] To establish the basis for a public policy against religious discrimination in employment, Rains' complaint referred to the California Constitution, the California Fair Employment and Housing Act, and Title VII. *Id.* at 343. In Rains' other claim, he alleged that the defendants interfered with his contractual relations in violation of the "public policy of the United States and the State of California and the objectives underlying these policies." *Id.*

3

Here, as in *Rains*, it is state, not federal, law that creates the cause of action. *See generally* Cal. Bus. & Prof. Code § 17200 *et seq.*. Also as in *Rains*, the complaint refers to federal law as an alternate basis for establishing an element of the § 17200 cause of action. The complaint cites seven California Labor Code sections and two FLSA sections as the predicate statutes for the "unlawful" element of the § 17200 claim. The alleged FLSA violations are not a necessary element of the § 17200 claim because plaintiffs could prevail on that claim by showing a violation of any of the seven California Labor Code sections. "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346; *see also Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001) (remanding case because unlawful prong of plaintiff's § 17200 claim could be satisfied by either state or federal law).

Defendants contend that FLSA is a necessary element of plaintiffs' § 17200 claim because all of plaintiffs' state law claims, including the state law predicates for the § 17200 claim, lack merit. However, under the well-pleaded complaint rule, the Court limits its jurisdictional analysis to the face of the complaint:

> Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which is it thought the defendant might interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (*quoted in Lippitt v. Raymond James Financial Serv.*, 340 F.3d 1033, 1040 (9th Cir. 2003); *see also Lippitt*, 340 F.3d at 1043 ("While we express no opinion on whether Lippitt has made sufficiently detailed allegations of deception and fraud to survive in state court a demurrer or motion on the pleadings, his allegations are sufficient . . . to sustain the elements of his § 17200 claim without resort to federal law."). Accordingly, the Court GRANTS plaintiffs' motion to remand and DENIES defendants' motion to dismiss as moot.

**2.     Plaintiffs' request for attorneys' fees**

Plaintiffs also request attorneys' fees and costs in the amount of $60,780. District courts have wide discretion regarding whether to award attorney fees in an order to remand. *See Moore v.*

4

*Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir.1992); *see also* 28 U.S.C. § 1447(c). Under the circumstances of this case, the Court does not find it appropriate to award attorneys fees and costs. Accordingly, plaintiffs' motion for fees and costs is DENIED.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court GRANTS plaintiffs' motion for remand, DENIES plaintiffs' request for attorneys' fees, and DENIES defendants' motion to dismiss as moot. (Docket Nos. 4 and 8). This case is REMANDED to the Superior Court for the County of Alameda.

**IT IS SO ORDERED.**

Dated: September 18, 2006

SUSAN ILLSTON
United States District Judge